THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* TERRENCE F. WOOD, Respondent.

Second Department, December 29, 1959.

*Manuel W. Levine*, District Attorney (*Henry P. DeVine* of counsel), for appellant.

*William F. Hanrahan* for respondent.

UGHETTA, J.   Respondent and one Vernon Gray were patrons of a tavern, in Manhasset, Nassau County.   A disagreement arose between a companion of respondent and a brother of Gray.   It culminated in the nonfatal shooting by respondent of Vernon Gray immediately outside the tavern.   Then the respondent fired shots in the direction of a police officer who was advancing to the scene.   The police officer returned the fire.   The exchange continued as respondent drove off in a motor vehicle with some of his companions.   At this juncture, one Gibson, the proprietor of the tavern, emerged therefrom with a rifle.   He fired it in the direction in which the officer was shooting, i.e., toward the motor vehicle.   A companion of respondent, one Lee, who had endeavored to flee from the motor vehicle, and one Moses, a bystander, were killed.   The lethal weapon was the rifle fired by Gibson.

Such is the substance of the testimony adduced before the Grand Jury which returned an indictment charging respondent with the murders of Lee and Moses with a rifle.

The issue here is whether the proof is sufficient to support the indictment.   The appellant contends that the proof warrants conviction of respondent of a felony murder pursuant to subdivision 2 of section 1044 of the Penal Law, which provides, insofar as pertinent, that the killing of a human being is murder in the first degree when " committed   *   *   *   by a person engaged in the commission of   *   *   *   a felony, either upon or affecting the person killed or otherwise ".

The assault by respondent on the police officer may be assumed to be a felony which had not been abandoned at the time that Gibson fired the rifle shots.   But the killing of the two men was not " committed " by respondent unless, as contended by appellant, that term can be construed as including an act by one person from which death at the hand of another was a natural consequence.

The statute cannot be so read.   Nothing less suffices than commission of the homicide, albeit without design, by a defendant or his confederate.   That was the rule at common law.   Where a soldier engaged in suppressing a riot accidentally shot and killed a bystander, murder could not be attributed to one of the rioters (*Commonwealth* v. *Campbell*, 7 Allen [89 Mass.] 541, 547).

Repudiating its prior authority and noting the lack of analogy between the doctrine of proximate cause resulting in civil liability for negligence and the common-law doctrine that proof of malice was essential to a felony-murder conviction, the Supreme Court of Pennsylvania granted a motion in arrest of judgment where an accomplice had been killed by pursuing officers while he and the defendant were fleeing from the scene of their armed robbery (*Commonwealth* v. *Redline,* 391 Pa. 486).

Our felony-murder statute was adopted without fundamental change from the common law (20 Cornell L. Quarterly 292–294; cf. *People* v. *Payne,* 359 Ill. 246, 255). There is unmistakable implication in the determinations in *People* v. *Giro* (197 N. Y. 152) and *People* v. *Udwin* (254 N. Y. 255) that, under the circumstances disclosed by the proof before the Grand Jury in the case under review, a felony-murder indictment will not lie. In the *Giro* case (*supra*), a burglar shot at a householder's son, who was about to grapple with him. The son then procured the same gun and fired it at the burglar's accomplice. The householder's wife was killed. VANN, J., writing for a unanimous court, tacitly approved a charge that the burden was on the prosecution to prove that either of the two defendants (the burglars) had shot her. It was stated (p. 158): "If either defendant shot Mrs. Staber [the householder's wife] and caused her death, both are equally guilty of murder in the first degree." The evidence was carefully scrutinized for the purpose of determining that the proof was sufficient to warrant a finding that one of the burglars, and not the householder's son, had fired the fatal shot.

In the *Udwin* case (*supra*, p. 262), a fellow prisoner was shot and killed during the course of an attempt by the defendants to escape. In a charge constituting the law of the case, recited in the prevailing opinion of KELLOGG, J., and from which there is no hint of disapproval, the jury was instructed that it was incumbent on the prosecution to establish that the fatal shot had been fired by one of the convicts engaged with defendants in a common design to escape.

In the instant case, Gibson was not a confederate; he was engaged in assisting the police officer. His accidental shooting of Lee and Moses was not committed by the respondent.

The order should be affirmed.

Present—NOLAN, P. J., WENZEL, UGHETTA, HALLINAN and KLEINFELD, JJ.

Order unanimously affirmed.